McFarland, J.,
delivered the opinion of the Court.
The Chancellor sustained a demurrer to this bill, and the complainants have appealed. The bill is for the purpose of enjoining execution upon a judgment rendered by a justice of the peace. The question is, was the judgment void? The suit was commenced by original attachment before a justice of the peace, by Divine against Sherry. The affidavit states that Sherry is justly indebted to-after giving all just credits, in the sum of fifty dollars and-cents, and that “the said Sherry is a non-resident of this State, or so absconds that the ordinary process of the law cannot be served upon him.” Upon this an attachment issued the 17th March, 1871, and was on the same day levied on a sorrel mare, as the property of the defendant *724 and also L. B. Jones was summoned to appear before the justice on the same day, and answer as to the defendant’s effects in his hands. The justice on the' same day made an order of ' publication requiring the defendant to appear on the-day of April, 1871. There appears in the transcript this entry: “ Executed by summoning M. W. Sherry to appear before A. A. Peaum, on the 9th day of May, 1871, at 9 o’clock, A. M., this 6th May, 1871. E. M. Gardenhire, Const.”' What it was that was executed on the defendant by summoning him, etc., does not appear — there was no summons issued — the attachment did not direct the officer to summon the defendant to appear — and besides, the attachment had been returned. The above entry of the constable seems to have been endorsed upon some part of the papers in the cause — perhaps the order of publication. The bill alleges that plea in abatement was filed by Sherry, denying that he was a non-resident — this was lost, but another to the same effect filed, and also one denying that the property attached belonged to him — that the trial of these pleas was continued, but that he never entered his appearance. The justice’s papers show that the plaintiff has leave to amend his affidavit, bond, etc., so as to make the amount .sued for $100 instead of $50. The entries of the justice show continuances by consent until the 19th of May, when this judgment was rendered: “Attachment dismissed at the cost of the plaintiff— judgment for plaintiff for $87.75, and costs of proving debt, this 19th May, 1871; A. A. P.”
This is the judgment in question on which execu- *725 "fcion issued. It is clear that the affidavit was insufficient for the issuance of an attachment, fatally so — it neither specifies the nature of the debt nor to whom owing — the attachment did not properly issue, (1 Heis., 20),. and no valid judgment against the defendant nould have been rendered thereon, unless the defendant entered his appearance — and this without regard to the plea in abatement, denying the causes stated.
It is argued that the defendant entered his appearance, that the continuances by consent show this. The bill shows that pleas in abatement were filed, and the trial of these were continued — and this is shown to be probably so, from the final judgment rendered by the justice, dismissing the attachment. Filing a plea in abatement does not enter the defendant’s appearance: 1 Heis., 12.
The justice dismissed the attachment, either because he found the plea in abatement for the defendant, or because in his opinion the attachment had improperly issued in the first instance — in either event the result is the same. This was an end of the case: 5 Col., 126, 494. In a suit by summons and ancillary attachment, the attachment may be abated, and the cause tried upon the merits, upon the summons; but this is not so in original attachment — when for any reason it is dismissed the cause is out of court — there is nothing left — and the justice has no jurisdiction to give judgment for- the debt claimed. The return of the officer that he summoned the defendant, was a nullity — he was not commanded to summon him — he could have had at that time no such precept in his hands. The *726 judgment being, according to the facts stated in the-bill, void, absolutely — may, under many authorities in this State, be enjoined in equity.
. Reverse the decree and remand the cause for an. answer.